**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

John Doe, Individually, as Personal Representative of the Estate of Jane Doe, and on behalf of all others similarly situated,

Plaintiff,

v.

POST ACUTE MEDICAL, LLC D/B/A PAM HEALTH, and PAM HEALTH, LLC,

Defendants.

**Civil Action No.: 1:24-cv-00547-CCC**

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................1

FACTUAL ALLEGATIONS ........................................................................2

STANDARD OF REVIEW ...........................................................................4

ARGUMENT ..............................................................................................5

I. Each Claim Is Barred by the Statute of Limitations ...........................5

II. Plaintiff Fails to State a WESCA Claim ...........................................7

III. Plaintiff Fails To State a Negligence Claim.....................................12

IV. Plaintiff Fails to State a Claim for Intrusion Upon Seclusion ...........15

V. Plaintiff Fails to State a Claim for Public Disclosure of Private Facts.........................................................................................18

VI. Plaintiff Fails to State a Claim for Breach of Implied Contract or Unjust Enrichment...........................................................................20

VII. Plaintiff Fails to State a Claim for Breach of Fiduciary Duty ...........22

VIII. Plaintiff Fails to State a Claim for Violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (“UTPCPL”)......................................................................................24

CONCLUSION .........................................................................................26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accu–Weather, Inc. v. Thomas Broad. Co.*,
425 Pa. Super. 335 (1993) ....................20

*Adams v. Copper Beach Townhome Communities, L.P.*,
816 A.2d 301 (Pa. Super. 2003) ....................13

*Adamski v. Johnson*,
80 Pa. D. & C. 4th 69, 2006 WL 4129308 (Pa. Ct. Comm. Pleas 2006) ....................18

*Allen v. Novant Health, Inc.*,
2023 WL 5486240 (M.D. N.C. Aug. 24, 2023) ....................16

*Aronson v. Sprint Spectrum, L.P.*,
767 A.2d 564 (Pa. Super. 2001) ....................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*B.K. v. Eisenhower Med. Ctr.*,
No. EDVC 23-2092 (C.D. Cal. Feb. 29, 2024) ....................11, 12, 19, 22

*Barclift v. Keystone Credit Servs., LLC*,
93 F.4th 136 (3d Cir. 2024) ....................19

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4

*Booher v. Olczak*,
797 A.2d 342 (Pa. Super. 2002) ....................6

*Boring v. Google Inc.*,
362 F. App'x 273 (3d Cir. 2010) ....................21

*In re BPS Direct, LLC*,
No. 22-cv-4709, 2023 WL 8458245 (E.D. Dec. 5, 2023) ....................19

*Brown v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, No. 1:19-cv-1190, 2019 WL 7281928 (M.D. Pa. Dec. 27, 2019) ..............................2

*Chicarella v. Passant*, 494 A.2d 1109 (Pa. Super. 1985) ..............................17, 18

*Cook v. GameStop, Inc.*, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023) ..............................10

*Credico v. Pa. State Police*, No. 09-cv-691, 2010 WL 331700 (E.D. Pa. Jan. 27, 2010) ..............................23

*DeBlasio v. Pignoli*, 918 A.2d 822 (Pa. Commw. Ct. 2007) ..............................15

*Dinger v. Allfirst Fin., Inc.*, 82 F. App'x 261 (3d Cir. 2003) ..............................23

*Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018) ..............................14

*Excavation Tech., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840 (Pa. 2009) ..............................13

*Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922 (N.D. Cal. 2015) ..............................9

*Farst v. AutoZone, Inc.*, No. 1:22-cv-1435, 2023 WL 7179807 (M.D. Pa. Nov 1, 2023) ..............................19

*Gerhart v. Energy Transfer Partners, L.P.*, No. 1:17-CV-01726, 2020 WL 1503674 (M.D. Pa. Mar. 30, 2020) ..............................17

*Goldstein v. Costco Wholesale Corp.*, 559 F. Supp. 3d 1318 (S.D. Fla. 2021) ..............................10

*In re Google Inc. Cookie Placement Cons. Litig.*, 806 F.3d 125 (3d Cir. 2015) ..............................9

*Grimminger v. Maitra*, 887 A.2d 276 (Pa. Super. 2005) ..............................23

*Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., L.P.*,
577 Pa. 14 (2004) ....................6

*Harris by Harris v. Easton Pub. Co.*,
483 A.2d 1377 (Pa. Super. 1984) ....................17, 18

*Hunt v. U.S. Tobacco Co.*,
583 F.3d 217 (3d Cir. 2008) ....................25

*Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*,
2007 WL 4394447 (E.D. Pa. Dec. 13, 2007)....................11

*James v. City of Wilkes-Barre*,
700 F.3d 675 (3d Cir. 2012) ....................4

*Johnston v. North Braddock Borough*,
No. 19-cv-1548, 2020 WL 6730889 (W.D. Pa. Sept. 4, 2020) ....................7

*Kennedy v. Petrus*,
No. 3:18-CV-00697, 2019 WL 1871017 (M.D. Pa. Apr. 4, 2019) ....................15

*Kurowski v. Rush Sys. for Health*,
No. 22-cv-5380, 2023 WL 2349606 (N.D. Ill. Mar. 3, 2023)....................16

*Larrison v. Larrison*,
750 A.2d 895 (Pa. Super. 2000) ....................7

*Liss & Marion P.C. v. Recordex Acquisition Corp.*,
603 Pa. 198 (2009)....................20

*List v. Jameson Mem'l Hosp.*,
No. 1457 WDA 2012, 2013 WL 11256398 (Pa. Super. Aug. 27, 2013) ....................16

*Lombardo v. Gasparini Excavating Co.*,
385 Pa. 388 (1956)....................20

*Longenecker-Wells v. Benecard Serv. Inc.*,
658 Fed. Appx 659 (3d Cir. 2016)....................21

*Merlini v. Gallitzin Water Auth.*,
980 A.2d 502 (2009)....................13

*Murphy v. Thomas Jefferson Univ. Hosps., Inc.*,
No. CV 22-4674, 2023 WL 7017734 (E.D. Pa. Oct. 10, 2023) ....................10, 11, 15

*Pastierik v. Duquesne Light Co.*,
526 A.2d 323 (Pa. 1987)....................5, 6

*Commonwealth ex rel. Platt v. Platt*,
404 A.2d 410 (Pa. Super. 1979) ....................24

*Pompa v. St. Luke's Hosp.*,
No. 21-cv-1378, 2023 WL 2332250 (M.D. Pa. Mar. 2, 2023)....................21, 22

*Popa v. Harriet Carter Gifts, Inc.*,
426 F. Supp. 3d 108 (W.D. Pa. 2019)....................7, 17

*Popa v. Harriet Carter Gifts, Inc.*,
52 F.4th 121 (3d Cir. 2022) ....................8

*Pro Golf Mfg. v. Tribune Review Newspaper Co.*,
809 A.2d 243 (Pa. 2002)....................17

*Renfer v. Kopena*,
No. 3554 EDA 2016, 2017 WL 4280630 (Pa. Super. Sept. 27, 2017) ....................24

*Riviello v. Chase Bank USA, N.A.*, No. 3:19-cv-510, 2020 WL 1129956 (M.D. Pa. Mar. 4, 2020) ....................25

*Rolla v. Westmoreland Health Sys.*,
651 A.2d 160 (Pa. Super. 1994) ....................14

*In re Rutter's Inc. Data Sec. Breach Litig.*,
511 F. Supp. 3d 514 (M.D. Pa. 2021)....................25

*Santiago v. Warminster Twp.*,
629 F.3d 121 (3d Cir. 2010) ....................11

*Schweigart v. Schmalenberger*,
2021 WL 2775910 (Pa. Super. July 2, 2021), *appeal denied*, 273 A.3d 509 (Pa. 2022)....................23

*Smidga v. Spirit Airlines, Inc.*,
No. 2:22-cv-1578, 23-cv-784 &-895, 2024 WL 1485853 (W.D. Pa. Apr. 5, 2024) .......... 10, 11, 15

*Snyder v. Crusader Servicing Corp.*,
231 A.3d 20 (Pa. Super. 2020) .......... 23

*Sovereign Bank v. BJ's Wholesale Club, Inc.*,
533 F.3d 162 (3d Cir. 2008) .......... 21

*Steinberg v. CVS Caremark Corp., et al.*,
899 F. Supp. 2d 331 (E.D. Pa. 2012) .......... 16

*Stroud v. Abington Mem'l Hosp.*,
No. 06-4840, 2008 U.S. Dist. LEXIS 38999 (E.D. Pa. May 13, 2008) .......... 6

*Thomas v. R. J. Reynolds Tobacco Co.*,
350 Pa. 262 (1944) .......... 20

*Torchia v. Torchia*,
499 A.2d 571 (Pa. Super. 1985) .......... 21

*Toy v. Metro. Life Ins. Co.*,
928 A.2d 186 (Pa. 2007) .......... 25

*Watson v. City of Philadelphia*,
No. CIV.A. 06-0883, 2006 WL 2460888 (E.D. Pa. Aug. 22, 2006) .......... 6, 7

*Weinberg v. Sun Co., Inc.*
565 Pa. 612 (2001) .......... 24, 25

*Woods v. Nat'l Life & Acc. Ins. Co.*,
347 F.2d 760 (3d Cir. 1965) .......... 24

*Yerger v. Landis Mfg. Sys., Inc.*,
No. 88-cv-7694, 1989 WL 66443 (E.D. Pa. June 16, 1989) .......... 18

*Yocca v. Pittsburgh Steelers Sports, Inc.*,
578 Pa. 479 (2004) .......... 25

*Young v. Wetzel*,
260 A.3d 281 (Pa. Commw. Ct. 2021) .......... 22

*In re Zynga Priv. Litig.*,
750 F.3d 1098 (9th Cir. 2014) ....................................................................9

**Statutes**

18 Pa. Cons. Stat. Ann. § 5725(a)............................................................7

42 Pa. Cons. Stat. Ann. § 5523(1)............................................................6

42 Pa. Cons. Stat. Ann. § 5524 (2)...........................................................6

42 Pa. Cons. Stat. Ann. § 8302 .................................................................5

73 Pa. Cons. Stat. Ann. §§ 2302-03 ..........................................................4

73 Pa. Cons. Stat. Ann. § 20101 ...............................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6)...........................................................................4

# INTRODUCTION

Plaintiff's Class Action Complaint ("CAC") mirrors hundreds of copycat complaints filed across the country that have alleged wiretapping and privacy invasions based on ubiquitous website tracking technologies. This CAC differs, though, in that Plaintiff has named himself "Individually" and as personal representative of his deceased wife's ("Jane Doe") estate for website activity he conducted on her behalf years ago. In particular, Plaintiff alleges that certain advertising technology installed on Defendants' website – principally the Meta Pixel and Google Analytics – caused information that he characterizes as personal health information ("PHI") and personally identifiable information ("PII") ***about his deceased wife (not himself)*** to be transmitted to third parties without ***his deceased*** wife's consent. The CAC does not allege that any information ***about Plaintiff*** was transmitted to the website or unlawfully intercepted or disclosed.

As explained below, the CAC should be dismissed for various reasons. First, Plaintiff alleges no actionable conduct or cognizable injury in his individual capacity. He therefore fails to state a claim for relief. Second, each claim he brings as a survival action on behalf of his deceased wife's estate is barred by the applicable statute of limitations. Third, the CAC fails to plausibly allege any cognizable claim.

**FACTUAL ALLEGATIONS**

PAM Health is a healthcare system consisting of inpatient rehabilitation hospitals, specialty hospitals, outpatient centers and behavioral health hospitals across the country. Compl. ¶¶ 5, 37. It maintains a public website (https://pamhealth.com/). *Id.* ¶ 6. Plaintiff falsely alleges that PAM Health's website allows "access to a patient portal" and that website users can transmit personal health information via the website. *Id.* ¶¶ 7, 45, 123.[1]

Plaintiff alleges that his late wife, Jane Doe, was a patient of PAM Health Specialty Hospital of Dayton, which provides long-term acute care for complex patients who require extended hospitalizations. *Id.* ¶¶ 41-42, 121. Beginning in 2019, Jane Doe allegedly received care for a variety of medical conditions, before passing away on March 29, 2021. *Id.* ¶¶ 121-22. The CAC does not allege that Jane Doe ever used PAM Health's website. Instead, Plaintiff allegedly accessed PAM Health's website and unspecified "Online Platforms" to transmit what he calls "confidential

[1] Although the Court must accept well-pleaded allegations as true at this stage, it need not accept "self-evidently false" or bald assertions devoid of factual support. *Brown v. Kaiser Found. Health Plan of Mid-Atlantic States, Inc.*, No. 1:19-cv-1190, 2019 WL 7281928, at *2 (M.D. Pa. Dec. 27, 2019). PAM Health does not provide a "patient portal" to its patients. At all relevant times, PAM Health has operated a public website that does not contain functionality to: (1) allow a user to transmit personal health information to PAM Health; (2) make appointments; (3) access or share medical records; or (4) communicate directly with healthcare providers. The hyperlink cited in the CAC leads to a website administrator login page – not to a "patient portal." Compl. ¶¶ 7 n.15, 45 n.43, 123 n.76.

patient information" relating to Jane Doe between 2020 and December 2021. *Id.* ¶ 123. This information allegedly included public webpages containing information about treatments available at PAM Health and quality of care; facility locations and doctors; and a link "to access the patient portal to message doctors and request information." *Id.*; *see supra* at 2 n.1 (PAM Health does not operate a patient portal or "Online Platforms" other than its public website, and website users cannot directly message doctors or transmit personal health information via the website).

Plaintiff alleges generally that PAM Health installed and utilized the Meta Pixel and other trackers on certain pages of its website, including its home page and search query page functions, and that these tools can cause certain data to be shared with Meta, Google and other companies when individuals visit those webpages. *Id.* ¶¶ 88-116. The only information about Jane Doe that was allegedly intercepted, however, was: (1) Plaintiff's IP address; (2) public website pages viewed; (3) that Plaintiff was "seeking medical treatment for [Jane Doe];" (4) (unspecified) search terms entered into the public website; (5) locations, facilities and doctors viewed; and (6) available services viewed. *Id.* ¶ 126.

Relying on these generic allegations, Plaintiff asserts eight claims against PAM Health: (1) Negligence; (2) Invasion of Privacy – Intrusion Upon Seclusion; (3) Invasion of Privacy – Public Disclosure of Private Facts; (4) Breach of Implied Contract; (5) Unjust Enrichment; (6) Breach of Fiduciary Duty; (7) Violation of the

Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Cons. Stat. Ann. § 20101 *et. seq*. ("UTPCPL"); and (8) Violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, 18 Pa. Cons. Stat. Ann. § 5701 *et. seq*. ("WESCA").

**STANDARD OF REVIEW**

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, 'to state a claim for relief that is plausible on its face.'" *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. Although courts are required to accept plausibly pled factual allegations as true and construe the complaint in the light most favorable to the plaintiff, "labels and conclusions [or] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level . . . ."). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678; *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012).

# ARGUMENT

## I. EACH CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS

The CAC alleges that Plaintiff accessed PAM Health's website "on behalf of his wife," "beginning in 2020, and last in December 2021,"[2] during which time his transmissions were allegedly intercepted by or disclosed to Facebook and other third parties. *See* Compl. ¶¶ 123-24, 126. It contains no allegation that Plaintiff accessed PAM Health's website on his own accord or transmitted any information about himself to the website. Jane Doe passed away on March 29, 2021. *Id.* ¶ 122.

Because each claim is premised on website activity relating to the deceased Jane Doe, it can be maintained – if at all – only pursuant to Pennsylvania's survival statute. *See* 42 Pa. Cons. Stat. Ann. § 8302; *Pastierik v. Duquesne Light Co*., 526 A.2d 323, 326 (Pa. 1987) (survival statute "permits a personal representative to enforce a cause of action which has already accrued to the deceased before his death.").

A survival action accrues when the decedent knew or reasonably should have known of the injury, ***but at the latest, at the decedent's death***. *Pastierik*, 526 A.2d

---

2 The CAC provides no specifics about any particular communication Plaintiff engaged in over the website, aside from visiting publicly available webpages. It also inexplicably asserts that "PAM Health's illegal interception and disclosure of Plaintiff's and Jane Doe's Private Information has continued unabated, at least up until November 2023 if not later" – even though Jane Doe died on March 29, 2021 and Plaintiff last accessed PAM Health's website in December 2021. *See* Compl. ¶¶ 122-23, 180.

at 326–27 (emphasis added). The discovery rule is not applicable to survival actions, and any survival claim must be filed within two years after death. *Id.* at 524; 42 Pa. Cons. Stat. Ann. § 5524 (2); *Stroud v. Abington Mem'l Hosp.*, No. 06-4840, 2008 U.S. Dist. LEXIS 38999, at *33 (E.D. Pa. May 13, 2008) ("the clear and settled law of Pennsylvania provides that the discovery rule does not apply to toll the accrual of the statute of limitations on wrongful death or survival claims"); *accord* Pa. Suggested Std. Civ. Jury Instructions § 18.01, Note.

Because the Complaint was not filed until nearly four years after the first alleged injury "beginning in 2020" and three years after Jane Doe's death, all claims should be dismissed as untimely. *Pastierik*, 526 A.2d at 524; *Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc., L.P.*, 577 Pa. 14, 33 (2004) (statutes of limitations exist "to expedite litigation and thus discourage delay and the presentation of stale claims which may greatly prejudice the defense of such claims."); *Booher v. Olczak*, 797 A.2d 342, 345 (Pa. Super. 2002) (Pennsylvania law favors "the strict application of statutes of limitation").[3]

---

[3] Plaintiff's claims for negligence, invasion of privacy, breach of fiduciary duty, and violations of WESCA would be untimely even if Jane Doe was still living. *See* 42 Pa. Cons. Stat. Ann. § 5523(1) (one-year limitation for invasion of privacy); *id.* § 5524(7) (two-year limitation for "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit, or fraud, except an action or proceeding subject to another limitation specified in this subchapter."); *Watson v. City of Philadelphia*, No. Civ.

## II. PLAINTIFF FAILS TO STATE A WESCA CLAIM

WESCA offers a private civil cause of action to "[a]ny person whose wire, electronic or oral communication is intercepted, disclosed, or used" ... against "any person who intercepts, discloses, or procures any other person to intercept, disclose or use, such communication." 18 Pa. Cons. Stat. Ann. § 5725(a); *Johnston v. North Braddock Borough*, No. 19-cv-1548, 2020 WL 6730889, at *12 (W.D. Pa. Sept. 4, 2020). An "intercept" is the "[a]ural or other acquisition of the ***contents*** of any wire, electronic or oral communication through the use of any electronic, mechanical or other device." Pa. Cons. Stat. Ann. § 5702. "[C]ontents" are "information concerning the substance, purport, or meaning of that communication." *Id.* Plaintiff's WESCA claim fails for a variety of independent reasons.

First, the WESCA claim fails because the CAC alleges that Plaintiff accessed PAM Health's website only from Ohio, not Pennsylvania. *See* Compl. ¶¶ 29, 121. Pennsylvania courts have refused to extend WESCA to out-of-state "intercepts." *Popa v. Harriet Carter Gifts, Inc.*, 426 F. Supp. 3d 108, 115 (W.D. Pa. 2019) (collecting cases); *Larrison v. Larrison*, 750 A.2d 895 (Pa. Super. 2000) (WESCA does not apply to interception of telephone call in New York). An interception "occurs where there is an act taken to gain possession of communications using a

---

A. 06-0883, 2006 WL 2460888, at *2 (E.D. Pa. Aug. 22, 2006) (WESCA claim subject to two-year statute of limitations").

device." *Popa v. Harriet Carter Gifts, Inc.*, 52 F.4th 121, 130 (3d Cir. 2022). Just as an interception occurs in the jurisdiction where the "to-be-tapped telephone is located[,]" electronic communications are "similarly intercepted when software reroutes communications to an interceptor." *Id.* Accordingly, an interception occurs when the code at issue instructs a visitor's browser to send communications to a third party, and the electronic signals are, in fact, routed to that third party. *Id.* at *131. Here, that allegedly occurred in Ohio. *See* Compl. ¶¶ 73-76.

Second, the WESCA claim fails because Plaintiff has not plausibly alleged facts showing that the "contents" of any electronic communication were intercepted by any third party or disclosed by PAM Health.

Over many paragraphs, the CAC generally alleges that certain unidentified pages of the PAM Health website and (unidentified) "Online Platforms" contained the Meta Pixel and (unidentified) "other tracking technology" that is designed to track the transmissions and device data related to a user's viewing of a public website. *See* Compl. ¶¶ 9-25, 48-76, 89-110. Critically though, Plaintiff spends only one paragraph identifying the following types of data ***about Jane Doe*** as potentially being intercepted: (1) Plaintiff and Jane Doe's device IP address; (2) public website pages viewed; (3) presumably that Plaintiff was "seeking medical treatment for [Jane Doe];" (4) search terms entered into the public website; (5) locations, facilities and doctors viewed; and (7) available services viewed. *Id.* ¶ 126. Plaintiff does not even

allege that he disclosed his or Jane Doe's name, let alone provide any specifics about any medical information that was intercepted (webpage, date, time, content).

Courts distinguish between "contents," which is the "intended message conveyed by the communication," and "record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106-07 (9th Cir. 2014); *accord In re Google Inc. Cookie Placement Cons. Litig.*, 806 F.3d 125, 135-39 (3d Cir. 2015). All of the data identified by Plaintiff is Internet protocol "record information" – not content – under WESCA. As opposed to a substantive communication about medical condition, treatment, etc., it is the technical and logistical information used to route website transmissions between user and website server. None of this record information conveys the "meaning" of any communication with the host server. It simply identifies the location, destination, particular web pages, and browser for Internet transmissions.

Courts have repeatedly rejected the argument that such record information is "content" for purposes of wiretap laws. *See In re Zynga Priv. Litig.*, 750 F.3d at 1107 (URLs "function[] like an 'address,'" not "contents" of a communication, ***even if they disclose that a person viewed the "page of a gay support group"***): *Facebook Internet Tracking Litig.*, 140 F. Supp. 3d 922, 935 (N.D. Cal. 2015) ("a Facebook user's unique identification information" and "the identity of the webpages that the

users visited" do not qualify as "contents" of a "communication"); *see also Goldstein v. Costco Wholesale Corp.*, 559 F. Supp. 3d 1318, 1321-22 (S.D. Fla. 2021) (similar).

Pennsylvania and other federal courts recently have dismissed WESCA and federal wiretapping claims under similar facts. *See, e.g.*, *Smidga v. Spirit Airlines, Inc.*, No. 2:22-cv-1578, 23-cv-784 &-895, 2024 WL 1485853 (W.D. Pa. Apr. 5, 2024) (collecting cases); *Murphy v. Thomas Jefferson Univ. Hosps., Inc.*, No. CV 22-4674, 2023 WL 7017734, at *3 (E.D. Pa. Oct. 10, 2023); *Cook v. GameStop, Inc.*, 2023 WL 5529772 (W.D. Pa. Aug. 28, 2023).

In *Cook*, the Western District dismissed a WESCA claim brought under similar facts because the complaint lacked sufficient detail about the contents of the plaintiff's communications and merely described the capabilities of the software, not how GameStop implemented the software. *Cook*, 2023 WL 5529772 at *7-10, 17 ("determining whether a plaintiff has adequately pled a violation of the statute often comes down to deciding whether the acquired information can best be characterized as either 'record information' or 'the message conveyed by the communication'"). A WESCA plaintiff must allege that the defendant "harnessed the capabilities she describes, and it had the result of capturing the contents of specific communications." *Id.*

In *Murphy*, 2023 WL 7017734, at *3, the Eastern District recently dismissed a federal wiretap claim due to a lack of plausible allegations that "contents" were intercepted on a healthcare provider website.[4] The *Murphy* plaintiffs alleged that Thomas Jefferson University Hospital used the Meta Pixel to track their usage on its website and patient portal. *See id.* at *1. The alleged communications were more detailed than those described in the instant CAC, "pertain[ing] to their medical symptoms, conditions, and concerns, medical appointments, medical tests and test results, doctors' visit notes, medications and treatments, and health insurance and medical bills." *Id.* at *3. The court rejected those descriptions as "vague allegations" amounting to "no more than conclusions, [that] are not entitled to the assumption of truth." *Id.* (quoting *Santiago v. Warminster Twp.*, 629 F.3d 121, 131 (3d Cir. 2010)).[5]

So too, in *B.K. v. Eisenhower Medical Center*, No. EDVC 23-2092 (C.D. Cal. Feb. 29, 2024). As in the instant case, the *B.K.* plaintiffs alleged that the medical center allowed Meta to intercept "details about their medical conditions, treatments and providers sought, and appointments." *Id.* at *1. The *B.K.* plaintiffs further

---

[4] WESCA is patterned after the federal Wiretap Act and "has been interpreted identically." *See, e.g.*, *Ideal Aerosmith, Inc. v. Acutronic USA, Inc.*, 2007 WL 4394447, at *3 (E.D. Pa. Dec. 13, 2007).

[5] Most recently, the Western District dismissed another wiretapping complaint based on website tracking on standing grounds, finding insufficient the plaintiffs "boilerplate averments" that their website transmissions were intercepted in violation of WESCA. *Spirit Airlines, Inc.*, 2024 WL 1485853 at *5.

alleged that they used the defendant's website "to research healthcare, providers and communicate with them, research particular medical concerns and treatments, fill out forms and questionnaires, schedule and attend appointments, and perform other tasks related to specific medical inquiries and treatment." *Id.* at *2. They also "used the Patient Portal to refill prescriptions, look at bills and payments, and to see test results and notes from appointments." *Id.*

The *B.K.* court dismissed the wiretapping claim without leave to amend, as well as claims for invasion of privacy, breach of implied contract, negligence, and unjust enrichment. *Id.* at *5-9. The court concluded that the plaintiffs failed to plausibly allege "what, if any, medical information or medical records were transmitted or disclosed." *Id.* at *4 & *5 n.5. Instead, the 90-page complaint included "less than four pages of vague allegations about Plaintiffs and their experiences with Defendant," and was "replete with conjectures and hypothetical scenarios and patients." *Id.* ("Plaintiffs fail to allege any specificity as to what medical information was allegedly disclosed or when it was disclosed.").

This Court should follow the developing precedent and dismiss Plaintiff's WESCA claim as insufficiently pled.

## III. PLAINTIFF FAILS TO STATE A NEGLIGENCE CLAIM

To prevail on a negligence claim, Plaintiff must establish that PAM Health owed a duty of care, that the duty was breached, and that the breach resulted in

Plaintiff's actual loss or damages. *Merlini v. Gallitzin Water Auth.*, 980 A.2d 502, 506 (Pa. Super. 2009). Importantly, because Plaintiff brings this action as the personal representative of Jane Doe' estate, the alleged duty owed and injury suffered must be to Jane Doe. Plaintiff can establish none of these elements, and his negligence claim therefore fails.

As an initial matter, Plaintiff's claim must be dismissed per the economic loss doctrine, which holds that "no cause of action exists for negligence that results solely in economic damages unaccompanied by physical injury or property damage." *Excavation Tech., Inc. v. Columbia Gas Co. of Pa.*, 985 A.2d 840, 841 & n.7 (Pa. 2009) (quoting *Adams v. Copper Beach Townhome Communities, L.P.*, 816 A.2d 301, 305 (Pa. Super. 2003)). Because the CAC does not allege that Plaintiff or Jane Doe suffered a physical impact to their person or property, the economic loss doctrine bars the negligence claim.

Plaintiff's negligence claim also founders under the CAC. Plaintiff baldly asserts that PAM Health had a "duty to exercise reasonable care in its handling and using [of] Plaintiff's and Class Members' Private Information in its care and custody." Compl. ¶ 198. Defendant is unaware of any decision issued by a Pennsylvania court that recognizes such a common law duty based on the Amended

Complaint's allegations.[6]

Plaintiff also has failed to sufficiently plead injury and a causal connection to website use. The gist of Plaintiff's alleged injury here is that he "now receives targeted health-related advertisements," and that the deceased Jane Doe inexplicably "ha[s] suffered or will suffer" actual damages, plus an "increased risk of future harm, embarrassment, humiliation, frustration, and emotional distress." *Id.* ¶ 203.[7] Defendants know of no case holding that receiving targeted advertisements on the Internet is actionable. Emotional distress, anxiety and embarrassment are not recoverable in a negligence action absent physical injury, especially where any embarrassment is speculative and may never happen. *See Rolla v. Westmoreland Health Sys.*, 651 A.2d 160, 163 (Pa. Super. 1994).

As the Eastern District noted in rejecting similar, conclusory allegations of damages in cases based on a website's use of the Meta Pixel:

> Plaintiffs allege that they have "suffered damages," including "embarrassment, humiliation, emotional harm, and distress," but the

---

6 This is not a case involving "breach of the security of [Defendant's computer] system," and thus Pennsylvania's data breach notification law is not implicated. 73 Pa. Cons. Stat. Ann. §§ 2302-03. Nor is it a case involving allegations that Defendant required patients to transmit data in exchange for medical treatment, or otherwise collected and stored Plaintiff's data on its computer systems, and that Defendant failed to exercise reasonable care to protect the data against a data breach. *Cf. Dittman v. UPMC*, 196 A.3d 1036, 1038-39 (Pa. 2018).

7 As of her death, Jane Doe was unaware of the facts underlying the CAC and thus had experienced no embarrassment, humiliation or emotional distress. *See* Compl. ¶¶ 8, 117, 128.

> Court cannot consider these boilerplate allegations in the absence of facts to support them. Plaintiffs fail to describe how they sustained these alleged "damages" or otherwise substantiate their existence. Plaintiffs must articulate their harm or actual loss with more precision to "nudge" their negligence claim "across the line from conceivable to plausible."

*Murphy*, 2023 WL 7017734, at *3; *see also Spirit Airlines*, 2024 WL 1485853, at *4-5 (similar); *Kennedy v. Petrus*, No. 3:18-CV-00697, 2019 WL 1871017, at *5 (M.D. Pa. Apr. 4, 2019) (dismissing negligence claim for failure to alleged facts of an identifiable injury).

## IV. PLAINTIFF FAILS TO STATE A CLAIM FOR INTRUSION UPON SECLUSION

Intrusion upon seclusion requires proof "that there was an ***intentional*** intrusion on the seclusion of [plaintiff's] private information, which was 'substantial and highly offensive to a reasonable person." *Aronson v. Sprint Spectrum, L.P.*, 767 A.2d 564, 568 (Pa. Super. 2001). "A defendant is liable for intrusion upon seclusion only when he ***intrudes into a private place***, or otherwise invades a private seclusion about a plaintiff's person or affairs." *DeBlasio v. Pignoli*, 918 A.2d 822, 825 (Pa. Commw. Ct. 2007). Plaintiff's intrusion claim fails because: (1) any alleged intrusion was carried out by a third party – not by PAM Health; (2) Plaintiff fails to plead facts showing that PAM Health engaged in "highly offensive" conduct; and (3) Plaintiff fails to allege facts showing that the information disclosed would cause mental suffering, shame, or humiliation to a person of normal sensibilities.

First, an intrusion claim must be dismissed if the alleged intrusion was carried out by third parties. *See, e.g., List v. Jameson Mem'l Hosp.*, No. 1457 WDA 2012, 2013 WL 11256398 at *5 (Pa. Super. Aug. 27, 2013) (hospital's disclosure of a patient's medical condition insufficient for a claim of intrusion upon seclusion); *Steinberg v. CVS Caremark Corp.*, 899 F. Supp. 2d 331, 342-43 (E.D. Pa. 2012) (intrusion upon seclusion claim dismissed where defendant legitimately obtains information from a plaintiff, even if facts are later disclosed to a third party).

Dismissing a substantially similar intrusion claim, one district court rejected the argument that a health care provider "intruded upon its patients' seclusion when it allowed third-party source code to collect the data [the plaintiff] alleges it later disclosed." *Kurowski v. Rush Sys. for Health*, No. 22-cv-5380, 2023 WL 2349606, at *9 (N.D. Ill. Mar. 3, 2023). The court elaborated:

> [T]he allegedly intercepted communications were intended to reach Rush . . . . In other words, harm for which Rush is responsible, if any, is its disclosure of the patient data . . . not the obtaining of that data. The actual intrusion upon patients' seclusion, via interception of their communications, is carried out by third parties.

*Id.*; *see also Allen v. Novant Health, Inc.*, 2023 WL 5486240, at *1-2 (M.D. N.C. Aug. 24, 2023) ("Because the plaintiffs acknowledge in the complaint that they voluntarily provided their information directly to Novant . . . they have not alleged an intrusion or unauthorized prying and this claim is dismissed."). The Court should follow this precedent and dismiss the intrusion claim on this basis alone.

Second, Plaintiff has not alleged any conduct that is "highly offensive" to a person with ordinary sensibilities. *See, e.g.*, *Harris by Harris v. Easton Pub. Co.*, 483 A.2d 1377, 1383 (Pa. Super. 1984) (an intrusion is only actionable if it is "substantial" and would be "highly offensive to a reasonable person"). No Pennsylvania court has held that a medical provider's use of ubiquitous website tracking technology is "highly offensive" as a matter of law. To the contrary, the Superior Court has held that obtaining "brief descriptions of [a plaintiff's] medical treatment cannot be deemed a substantial intrusion." *Chicarella v. Passant*, 494 A.2d 1109, 1114 (Pa. Super. 1985); *see also Popa*, 426 F. Supp. 3d at 122 ("The act of collecting Popa's keystrokes, mouse clicks, and PII is simply not the type of highly offensive act to which liability can attach."). Thus, Plaintiff's intrusion claim fails on this independent basis.

Third, Plaintiff fails to plausibly allege that "the information disclosed would have caused mental suffering, shame, or humiliation to a person of normal sensibilities." *Gerhart v. Energy Transfer Partners, L.P.*, No. 1:17-CV-01726, 2020 WL 1503674, at *26 (M.D. Pa. Mar. 30, 2020) (quoting *Pro Golf Mfg. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 247 (Pa. 2002)). As of her death, Jane Doe was unaware of the facts underlying the CAC and thus had experienced no embarrassment, humiliation or emotional distress. *See* Compl. ¶¶ 8, 117, 128. In any event, such disclosures would not cause mental suffering or humiliation to an

ordinary person. *Yerger v. Landis Mfg. Sys., Inc.*, No. 88-cv-7694, 1989 WL 66443, at *7 (E.D. Pa. June 16, 1989) ("Medical reports or brief descriptions of common ailments or treatments are insufficient as a matter of law to meet this standard."); *accord Chicarella*, 494 A.2d at 1114 ("[T]he information disclosed by the hospital records is not of the sort which would 'cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'"); *Adamski v. Johnson*, 80 Pa. D. & C. 4th 69, 75, 2006 WL 4129308 (Pa. Ct. Comm. Pleas 2006) ("There is no suggestion in the complaint that the description of Adamski's pending surgery would cause her mental suffering, shame or humiliation."). Plaintiff's claim fails for this additional reason.

## V. PLAINTIFF FAILS TO STATE A CLAIM FOR PUBLIC DISCLOSURE OF PRIVATE FACTS

To plead public disclosure of private facts, a plaintiff "must allege the matter publicized is (1) publicity, given to (2) private facts, (3) which would be highly offensive to a reasonable person, and (4) is not of legitimate concern to the public." *Harris by Harris*, 483A.2d at 1383. Importantly, "[t]he element of 'publicity' requires that the matter be made public, by communicating it to the public at large, or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge." *Id.* (citing RESTATEMENT (SECOND) OF TORTS § 652D, cmt. a). Plaintiff fails to allege the first and third elements of his claim.

Plaintiff alleges – without supporting facts – that PAM Health disclosed website browsing information "to enough people that it is reasonably likely those

facts will become known to the public at large." Compl. ¶ 217. First, Plaintiff does not identify the "private facts" that were allegedly made public. The claim should fail for that reason alone. *See, e.g.*, *B.K.*, 2024 WL 878100, at *7. Second, Plaintiff has, at most, pled that PAM Health disclosed his (unspecified) interactions with the PAM Health website to Meta, Google and similar companies for marketing and advertising purposes. *See* Compl. ¶¶ 1, 11, 16, 87-90, 115-17, 126. Such limited disclosures do not satisfy the publicity element. *See, e.g.*, *Farst v. AutoZone, Inc.*, No. 1:22-cv-1435, 2023 WL 7179807, at *5 (M.D. Pa. Nov 1, 2023) (allegations that defendant disclosed plaintiff's information to its session replay provider did not "even suggest how many people" would receive the information "let alone how this information would be disseminated far and wide."); *In re BPS Direct, LLC*, No. 22-cv-4709, 2023 WL 8458245, at *19 (E.D. Pa. Dec. 5, 2023) (allegations that Facebook received plaintiff's information do not amount to allegations of "widespread disclosure or disclosure to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.").

As explained above regarding the intrusion claim, Plaintiff also has not pled that publicity of the alleged information would be highly offensive to a reasonable person. *See, e.g.*, *Barclift v. Keystone Credit Servs., LLC*, 93 F.4th 136, 145 (3d Cir. 2024) ("The harm caused by this tort is the humiliation that accompanies the disclosure of sensitive or scandalizing private information to public scrutiny . . . The

harm stems from both the offensive character of the information and its disclosure to the public."); *see supra* at 17. Accordingly, the Court should dismiss this claim.

## VI. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF IMPLIED CONTRACT OR UNJUST ENRICHMENT

Plaintiff's breach of implied contract claim is deficient because he fails to plead facts sufficient to infer that PAM Health entered into any contract with him or Jane Doe or that they suffered any actual damages related to Plaintiff's browsing of its public website. Plaintiff's unjust enrichment fails because the CAC alleges no facts showing that PAM Health received a benefit from Plaintiff's web browsing that it unjustly retained.

An implied-in-fact contract exists only if "the parties ... agree upon the material and necessary details of the bargain," *Lombardo v. Gasparini Excavating Co*., 385 Pa. 388 393 (1956), and the agreement is supported by adequate consideration, *Thomas v. R. J. Reynolds Tobacco Co*., 350 Pa. 262, 266 (1944). "[T]he very essence of an agreement is that the parties mutually assent to the same thing . . . . Without such assent there can be no enforceable agreement." *Accu–Weather, Inc. v. Thomas Broad. Co*., 425 Pa. Super. 335, 340 (1993). Although intent to assent mutually to a contract can be gleaned from the parties' "ordinary course of dealing[s]," *Liss & Marion P.C. v. Recordex Acquisition Corp*., 603 Pa. 198, 210 (2009), it is well-settled that "naked assertions devoid of further factual

enhancement" fail to state an actionable claim. *See Longenecker-Wells v. Benecard Serv. Inc.*, 658 Fed. Appx 659, 662 (3d Cir. 2016).

Plaintiff fails to plead ***facts*** showing: (a) the parties' mutual assent to any material and necessary terms related to PAM Health's alleged promise "to safeguard and protect" Jane Doe's husband's web browsing data; (b) any knowing and sufficient acceptance by Plaintiff or Jane Doe of any terms; or (c) any consideration or meeting of the minds. *See* Compl. ¶ 228. Plaintiff does not, and cannot, allege that PAM Health's patients (or patients' husbands) are in any way required to use its public website to search for *inter alia* providers, locations or available services or to obtain medical services from PAM Health.

Plaintiff's unjust enrichment claim fails because he does not allege facts sufficient to plead that PAM Health "either wrongfully secured or passively received a benefit that it would be unconscionable for [it] to retain." *Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 180 (3d Cir. 2008) (citing *Torchia v. Torchia*, 499 A.2d 571 (Pa. Super. 1985) (dismissing an unjust enrichment claim arising out of a theft of credit card information)); *accord Boring v. Google Inc.*, 362 F. App'x 273, 282 (3d Cir. 2010). Because his unjust enrichment and other claims are premised on the same insufficient allegations, Plaintiff's "unjust enrichment claim will rise or fall with the underlying claim." *Pompa v. St. Luke's Hosp.*, No. 21-cv-1378, 2023 WL 2332250, at *6 (M.D. Pa. Mar. 2, 2023) (plaintiff may not bring an

unjust enrichment claim premised on the argument that "if the defendant is permitted to keep the benefit of his tortious conduct, he will be unjustly enriched"); *B.K.*, 2024 WL 878100, at *9 (dismissing unjust enrichment claim absent specific allegations as to what information was disclosed).

The CAC also fails to specifically allege any damages to Plaintiff or Jane Doe resulting from the alleged breach of an implied contract or that PAM Health has unjustly retained any money paid to it by them. *See* Compl. ¶¶ 233, 239. The CAC does not allege that any allegedly disclosed the information caused her any financial loss or injury. Nor does the CAC allege what level of data privacy Jane Doe paid for, or allege she even used PAM Health's website. Absent an allegation of harm, Plaintiff's contract and unjust enrichment claims fail. *See, e.g.*, *Young v. Wetzel*, 260 A.3d 281, 291 (Pa. Commw. Ct. 2021), *publication ordered* (July 8, 2021).

## VII. PLAINTIFF FAILS TO STATE A CLAIM FOR BREACH OF FIDUCIARY DUTY

Although Plaintiff's allegations refer generically to a "relationship" of trust between Plaintiff and PAM Health (Compl. ¶ 243), Plaintiff's claims are based on a theory of breach of doctor-patient confidentiality. Pennsylvania recognizes a cause of action for breach of doctor-patient confidentiality only "in some cases." *Schweigart v. Schmalenberger*, 2021 WL 2775910, at *4 (Pa. Super. July 2, 2021), *appeal denied*, 273 A.3d 509 (Pa. 2022). A plaintiff must allege that the defendant disclosed: (1) confidential information; (2) that was learned by a physician through

communication to him by a patient; (3) in attending to and treating the patient; (4) the release of which would blacken the character of the patient. *See Grimminger v. Maitra*, 887 A.2d 276, 279–80 (Pa. Super. 2005). Additionally, to plead a claim for breach of fiduciary duty, a plaintiff must allege that he "suffered injury." *Dinger v. Allfirst Fin., Inc.*, 82 F. App'x 261, 265 (3d Cir. 2003); *accord Snyder v. Crusader Servicing Corp.*, 231 A.3d 20, 32 (Pa. Super. 2020).

In addition to the failure to plead that Jane Doe incurred any loss or damage, Plaintiff's fails to plausibly plead an actionable disclosure. *See supra* at 15-20. Plaintiff fails to allege facts showing the disclosure of actionable, confidential information by PAM Health. He also has not plausibly pled that any confidential information was "learned by a physician through communication to him by a patient . . . in attending to and treating the patient." *Grimminger*, 887 A.2d at 279–80; *see also Credico v. Pa. State Police*, No. 09-cv-691, 2010 WL 331700, at *6 (E.D. Pa. Jan. 27, 2010) (dismissing complaint for failing to "allege that [the doctor] treated Plaintiff for any physical or mental illness or injury or that he acquired any of the information that he allegedly disclosed in the course of such treatment").

For the same reasons, Plaintiff fails to provide facts to support an inference that any disclosure "would blacken [Jane Doe's] character," particularly after her death. Significantly, "Pennsylvania courts have generally read the phrase 'tend to blacken the character of the patient' narrowly" and routinely hold that information

about run-of-the-mill medical conditions is insufficient. *Renfer v. Kopena*, No. 3554 EDA 2016, 2017 WL 4280630, at *3-4 (Pa. Super. Sept. 27, 2017); *see also Commonwealth ex rel. Platt v. Platt*, 404 A.2d 410, 415 (Pa. Super. 1979) ("Since psychiatric treatment does not evidence the existence of a loathsome disease, evidence of such treatment could not blacken the reputation of one who has sought it for only evidence of such a disease would tend to blacken a person's reputation."); *Woods v. Nat'l Life & Acc. Ins. Co.*, 347 F.2d 760, 764 (3d Cir. 1965) ("The revealing of a name, address and other identifying data given by a patient is not a communication which tends to blacken the character of the patient.").

## VIII. PLAINTIFF FAILS TO STATE A CLAIM FOR VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW ("UTPCPL")

Plaintiff's claim under the UTPCPL should be dismissed for failure to allege recoverable damages or justifiable reliance.

First, Plaintiff has not alleged an ascertainable loss. The UTPCPL "clearly requires, in a private action, that a plaintiff suffer an ascertainable loss as a result of the defendant's prohibited action." *Weinberg v. Sun Co., Inc.* 565 Pa. 612, 618 (2001). To allege an ascertainable loss, the plaintiff "must be able to point to money or property that he would have had but for the defendant's fraudulent actions." *In re Rutter's Inc. Data Sec. Breach Litig.*, 511 F. Supp. 3d 514, 541 (M.D. Pa. 2021). The CAC does nothing more than baldly incant that PAM Health's actions "caused

substantial injury to Plaintiff" and that he "suffered ascertainable losses of money or property," which fails to satisfy the plausibility standard. Compl. ¶¶ 257, 262.

Second, Plaintiff has not alleged justifiable reliance. A plaintiff must plead facts to support the conclusion that his reliance on the defendant's actions that caused the ascertainable loss was justifiable. *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 501–02 (2004). "It is the plaintiff's burden to prove justifiable reliance in the complaint." *Riviello v. Chase Bank USA, N.A.*, No. 3:19-cv-510, 2020 WL 1129956 at *4 (M.D. Pa. Mar. 4, 2020); *accord Toy v. Metro. Life Ins. Co.*, 928 A.2d 186, 202 (Pa. 2007); *Hunt v. U.S. Tobacco Co.*, 583 F.3d 217, 227 (3d Cir. 2008) (rejecting a presumption of reliance). Plaintiff has failed to provide any facts to prove his or Jane Doe's justifiable reliance on any act or omission of PAM Health regarding their use of its website. *Cf. In re Rutter's Inc.*, 511 F. Supp. at 542 (dismissing a UTPCPL claim wheee "Plaintiffs' complaint only includes a single, conclusory allegation that 'Plaintiffs relied on Rutter's misrepresentations and omissions relating to its data privacy and security'").

## CONCLUSION

For the foregoing reasons, PAM Health respectfully requests that the Court dismiss the Complaint against it with prejudice.

Dated: May 7, 2024

**BAKER & HOSTETLER LLP**

*/s/ Edward J. McAndrew*
Edward J. McAndrew
(PA Bar No. 77103)
Nathalie A. Freeman
(PA Bar No. 333177)
1735 Market Street
Suite 3300
Philadelphia, PA 19103-7501
Telephone: 215.568.3100
Facsimile: 215.568.3439
Email: emcandrew@bakerlaw.com
Email: nfreeman@bakerlaw.com

*Attorneys for Defendants Post Acute Medical, LLC and PAM Health, LLC*

**CERTIFICATE OF WORD COUNT COMPLIANCE**

The undersigned attorney respectfully certifies that this Brief complies with the word-limit requirement set forth in Local Civil Rule 7.8(b)(2) because it contains 6,169 words.

Dated: May 7, 2024

*/s/ Edward J. McAndrew*
Edward J. McAndrew

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of May, 2024, I served the foregoing Brief in Support of Defendants' Motion to Dismiss Plaintiff's Class Action Complaint on counsel for all Parties by filing it on the Court's CM/EFC system.

*/s/ Edward J. McAndrew*
Edward J. McAndrew